IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HENRY S. BROCK and JAY RICE, Plaintiffs, vs. GARY HERBERT, et al., Defendants. | ORDER and MEMORANDUM DECISION Case No. 2:09-cv-01118 |

In this case, Henry S. Brock and Jay Rice, former securities dealers, have brought various civil rights claims against Governor Gary Herbert, Attorney General Mark Shurtleff, and several employees of the Utah Division of Securities (DOS).

Defendants filed a motion to dismiss.[1] Rather than responding to the motion to dismiss, Plaintiffs filed a motion for judgment on the pleadings that addresses Defendants' arguments. Defendants then consolidated their opposition and reply briefs.

In their motion, Defendants have asserted a number of reasons they contend mandate dismissal of the lawsuit. First, they argue that the court does not have subject matter jurisdiction because the Rooker-Feldman doctrine prohibits federal district courts from reviewing final

---

[1] Defendant George Robison filed a separate motion to dismiss from the other Defendants, but this motion merely adopts and incorporates the motion made by the other Defendants and the memorandum in support of that motion. Accordingly, the court treats these motions to dismiss as one motion.

adjudications from state courts and state administrative agencies. Second, they contend that Plaintiffs' claims against the State and its officers sued in their official capacity must be dismissed because the Eleventh Amendment bars citizens from suing the State and its officers in federal court. Third, Defendants argue that the court lacks jurisdiction over all state law claims because Plaintiffs failed to file a notice of claim, a jurisdictional pre-requisite for any claim based on state law. Fourth, Defendants maintain that many of Plaintiffs' claims are outside the four-year statute of limitations. Defendants' fifth argument is that Plaintiffs have not alleged a factual nexus between the claimed violations and several Defendants. Finally, Defendants contend that the allegations in the complaint do not establish cognizable violations of either federal or state law.

Because the court agrees with Defendants' arguments, the court dismisses Plaintiffs' complaint with instructions at the conclusion of this order regarding filing a proposed amended complaint.

**ANALYSIS[2]**

When reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the court must presume the truth of all well-pleaded facts in the complaint, but need not consider conclusory allegations. Tal v. Hogan, 453 F.3d 1244, 1252 (2006), cert. denied, 127 S. Ct. 1334 (2007); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). Conclusory allegations are allegations that "do not allege the factual basis" for the claim. Brown

---

[2] Plaintiffs have attached many supplemental documents to support their case. Because this is a motion to dismiss, the court will consider only the allegations of the Complaint and will not consider any facts outside the pleadings.

v. Zavaras, 63 F.3d 967, 972 (10th Cir. 1995). See also Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based") (emphasis added). The court is not bound by a complaint's legal conclusions, deductions and opinions couched as facts. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). And although all reasonable inferences must be drawn in the non-moving party's favor, Tal, 453 F.3d at 1252, a complaint will only survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, quoted in Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). Stating a claim under Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).

Statute of Limitations

A civil rights action brought under 42 U.S.C. § 1983 must be brought within four years from the time the claim arose. Adamson v. Provo, 819 F. Supp. 934, 942-43 (D. Utah 1993).

All of Mr. Rice's claims are time-barred. Mr. Rice claims that the DOS illegally searched his office in March 2000. After several years of investigation, the DOS revoked Mr. Rice's securities license on April 25, 2005, more than four years before he filed this lawsuit on December 18, 2009. Although Mr. Rice continues to experience collateral consequences of losing his securities license – he has been denied an insurance license and a real estate license – the actions by the DOS that allegedly violated his constitutional rights fall outside the statute of

limitations.[3] Accordingly, all of Mr. Rice's claims are dismissed with prejudice.

Mr. Brock may have claims that are not time-barred. Mr. Brock alleges that the DOS conducted an illegal search of his office on October 7, 2002, outside the four-year statute of limitations. Any claim based upon this search is dismissed with prejudice. But Mr. Brock signed the Consent Decree with the DOS which revoked his securities license on April 3, 2006. Mr. Brock contends that he signed the Consent Decree only because he was suffering economic duress. Because the Consent Decree was entered within the statute of limitations, Mr. Brock's claims against DOS pertaining to the Consent Order are not time-barred.

Rooker-Feldman

DOS argues that Mr. Brock's claims are barred by the Rooker-Feldman doctrine. "Generally, the Rooker-Feldman doctrine precludes lower federal courts from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment." Jensen v. Wagner, 603 F.3d 1182, 1193 (10th Cir. 2010) (internal quotations omitted). In Exxon, the United States Supreme Court held that the Rooker-Feldman doctrine is limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Rooker-Feldman does not bar federal review of state administrative agencies. Van Harken v. City of Chi., 103 F.3d 1346, 1349 (7th Cir. 1997) ("If the Rooker-Feldman doctrine is

---

[3] Although Mr. Rice has made conclusory allegations in the complaint that DOS has continued to pursue him, he has not given any details sufficient to show that his claims are not time-barred.

to be extended to administrative judgments, it will have to be done by the Court that created it."). This is so even if the person who lost in the state administrative proceeding does not appeal in state court. Id.

Mr. Brock bases many of his claims on the April 3, 2006 Consent Decree between Mr. Brock and DOS, in which Mr. Brock agreed to the revocation of his securities licenses and to stop acting as an investment advisor. This Consent Decree was never appealed to state court and is a product of a state administrative proceeding. Accordingly, Rooker-Feldman does not bar this court from reviewing the state administrative proceeding and resulting Consent Decree.

Eleventh Amendment

The Eleventh Amendment precludes damage suits against a state, a state agency or officials sued in their official capacity without congressional abrogation or waiver and consent by the state. Ross v. Board of Regents, 599 F.3d 1114, 1117 (10th Cir. 2010). The State of Utah has not waived sovereign immunity for suits brought under 42 U.S.C. § 1983. Moreover, the State of Utah and those Defendants sued for damages in their official capacity are not "persons" under 42 U.S.C. § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1981). Accordingly, all § 1983 claims for damages against the State of Utah and the Defendants sued in their official capacities are dismissed with prejudice.

Notice of Claim

In order to file a claim against governmental entities and their employees under the Utah Constitution or Utah statutes, a party must first file a written notice of claim. Utah Code Ann. § 63G-7-401(2). A proper notice of claim is a jurisdictional prerequisite to suit. Hall v. Utah

5

State Dep't of Corrs., 24 P.3d 958, 964 (Utah 2001).

Plaintiffs allege that the Defendants have violated the Utah Constitution; Plaintiffs also bring several state law claims against Defendants. Defendants submitted evidence that Plaintiffs did not file a notice of claim, and Plaintiffs have not submitted any opposing evidence. Consequently, the court dismisses all claims brought under the state constitution and all state law claims with prejudice.

Affirmative Link

Defendants point out that Plaintiffs have failed to allege any affirmative link between the alleged wrongful acts and the actions of Governor Gary Herbert, Attorney General Mark Shurtleff and Executive Director of the DOS, Francine Giani. In order to bring a § 1983 claim, Plaintiffs must allege an affirmative link between the defendant's conduct and any constitutional violation. Stidham v. Peace Officer Standards & Training, 265 F.3d 1144, 1156 (10th Cir. 2001). Earlier in this order, the court dismissed all claims against these Defendants in their official capacities. The court now dismisses all remaining claims against these Defendants with prejudice.

Cognizable Violations

Plaintiffs have asserted claims against the Defendants under the Fourth Amendment, the Sixth Amendment, the Eighth Amendment, the Tenth Amendment and the Thirteenth Amendment. To the extent that these claims have not been dismissed for the reasons discussed above, the court now dismisses them with prejudice.

To bring an action under the Fourth Amendment, a plaintiff must allege an

unconstitutional search or seizure. Plaintiffs bring claims for unconstitutional search and seizure relating to the DOS investigation of them and, apparently, for malicious prosecution. As discussed above, the allegedly illegal search of Mr. Rice took place in March of 2000, and the search of Mr. Brock took place on October 7, 2002. Both of these searches are time-barred and have been dismissed with prejudice.

A claim for malicious prosecution brought under § 1983 lies within the protections provided in either the Fourth or Fourteenth Amendments. Pierce v. Gilchrist, 359 F.3d 1279, 1286-86 (10th Cir. 2004) (holding that in a malicious prosecution context the initial arrest is governed by the Fourth Amendment, "but at some point after arrest, and certainly by the time of trial, constitutional analysis shifts to the Due Process Clause"). Although most malicious prosecution claims must be premised on a violation of Fourth Amendment rights in order to be considered a constitutional violation under § 1983, the Tenth Circuit has "acknowledge[d] that the Fourteenth Amendment's protections encompass harms to liberty outside the scope of the Fourth Amendment[] . . ." Becker v. Kroll, 494 F.3d 904, 920 (10th Cir. 2007). But in Becker, the Tenth Circuit held that in the context of malicious prosecution claims "where [plaintiff] was never seized in violation of the Fourth Amendment, Utah tort law provides an adequate procedural due process remedy for any injuries not cognizable as a Fourth Amendment seizure." Id. at 921. Because Mr. Brock was not seized during the course of DOS's investigation, a § 1983 malicious prosecution claim based on the Fourth Amendment cannot stand, and under Becker, Mr. Brock has no malicious prosecution claim based on the Fourteenth Amendment because state tort law provides an adequate remedy for his injuries. The claim for malicious prosecution is

dismissed with prejudice.

Plaintiffs' Sixth Amendment claim cannot stand because this is not a criminal proceeding. U.S. Const. amend XI (beginning "[i]n all criminal proceedings . . ."); see also Savina Home Indus., Inc. v. Sec'y of Labor, 594 F.2d 1358 (10th Cir. 1979) (denying Sixth Amendment protections for OHSA hearing). Plaintiffs' Tenth Amendment must be dismissed because Plaintiffs' interests are not aligned with the interests of the State of Utah. See United States v. Parker, 362 F.3d 1279, 1284-85 (10th Cir. 2004). Plaintiffs are suing the State of Utah and its employees, which indicates a lack of unity of interest with the state. Moreover, Plaintiffs have failed to set forth any facts in support of a Tenth Amendment claim because a Tenth Amendment claim requires plaintiff to establish that Congress has legislated outside its enumerated powers. See New York v. United States, 505 U.S. 144, 156 (1992). Plaintiffs have not made any such allegation. Finally, the court dismisses Plaintiffs' claim brought under the Thirteenth Amendment. Neither slavery nor involuntary servitude is present in this case. All claims brought under the Sixth, Tenth, and Thirteenth Amendments to the United States Constitution are dismissed with prejudice.

For the reasons set forth above, Defendants' Motion to Dismiss is GRANTED (Docket Nos. 9, 11). The court DENIES Plaintiffs' Motion for Judgment on the Pleadings (Docket No. 12). To the extent that Plaintiffs believe that any of their claims have not been dismissed, Plaintiffs may file a motion to amend, with a proposed amended complaint, no later that July 29, 2010. Plaintiffs may not assert new claims, only those claims that they believe in good faith are not covered by this order. Defendants may, of course, file an opposition to any such motion.

DATED this   8th   day of July, 2010.

                                        BY THE COURT:

                                        TENA CAMPBELL
                                        Chief Judge