IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HENRY S. BROCK, et al.<br><br>                    Plaintiffs,<br><br>v.<br><br>GARY HERBERT, et al.<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:09-cv-1118<br><br>Judge Clark Waddoups |

Before the court are Plaintiffs' motion for summary judgment as a matter of law (Dkt. No. 33) and motion for summary judgment (Dkt. No. 44).  A hearing was held regarding the status of this matter on March 16, 2011 at which JoAnn S. Secrist, attorney for Plaintiffs, and Joni J. Jones, attorney for Defendants, were present.  At said hearing, the court inquired whether it should retain supplemental jurisdiction over Plaintiffs' state constitutional claims in light of the dismissal of each of Plaintiffs' federal claims.  For the reasons stated below, the court now declines to exercise supplemental jurisdiction over Plaintiffs' state constitutional claims and dismisses the case, in its entirety, for lack of subject matter jurisdiction.  Consequently, the court will not address the merits of Plaintiffs' pending motions.

## PROCEDURAL BACKGROUND

Plaintiffs filed suit against the State of Utah and several officers employed by the state in their official and individual capacities on December 18, 2009, alleging various violations of Plaintiffs' federal constitutional rights, their state constitutional rights and state tort law.  *See*

Complaint (Dkt. No. 2.)   Defendants filed a motion to dismiss on February 18, 2010 (Dkt. No. 9), which was granted by Judge Tena Campbell on July 8, 2010.  (Dkt. No. 18.)

In her order, Judge Campbell concluded that all of Rice's and most of Brock's § 1983 claims for federal constitutional violations were time barred.  Those § 1983 claims brought by Brock in relation to a consent decree signed in April 2006 were not time barred, but may have been dismissed on other grounds.  Judge Campbell also dismissed each § 1983 claim brought against the State of Utah and the officers in their official capacities on the grounds that they were barred by the Eleventh Amendment's sovereign immunity clause.  The remaining federal claims brought against Defendants Herbert, Shurtleff, and Giani, individually, were dismissed on the grounds that Plaintiffs failed to allege an affirmative link between the conduct of these defendants and any constitutional violation.  The remaining Fourth Amendment, Sixth Amendment, Eighth Amendment, Tenth Amendment, and Thirteenth Amendment claims were dismissed as well.

In addition to dismissing each of Plaintiffs' federal constitutional claims,[1] Judge Campbell dismissed all of Plaintiffs' claims brought under Utah law, including the Utah Constitution, because Plaintiffs failed to present evidence that they had filed a written notice of claim as required by the Utah Governmental Immunity Act.  Utah Code Ann. § 63G-7-401(2).

Plaintiffs appealed Judge Campbell's order and the Tenth Circuit reversed the decision as to claims brought under the Utah Constitution.  *See Brock v. Herbert*, No. 10-4148, 435 Fed. App'x 759, 2011 U.S. App. LEXIS 15689 (10th Cir. July 27, 2011) (unpublished).  During the period between Judge Campbell's order and the Tenth Circuit opinion reversing her decision

---

[1] Judge Campbell left open the possibility that some federal claims may have survived following her order of dismissal.  However, in order to preserve those claims Plaintiffs were ordered to "file a motion to amend, with a proposed amended complaint, no later that [sic] July 29, 2010." Because Plaintiffs failed to file such a motion before the deadline, they have waived any federal claims that may have survived the motion to dismiss.

with respect to Plaintiffs' state constitutional claims, the Utah Supreme Court issued a decision

clarifying that "the Utah Governmental Immunity Act does not apply to claims alleging state

constitutional violations." *Jensen v. Cunningham*, 2011 UT 17, ¶ 51, 250 P.3d 465.  Therefore,

the Tenth Circuit reversed the portion of Judge Campbell's decision that applied to Plaintiffs'

state constitutional claims and remanded to this court for further proceedings.  The remainder of

Judge Campbell's decision was affirmed.  *See Brock*, 435 Fed. App'x at 760.

## ANALYSIS

Pursuant to 28 U.S.C. § 1367(a), federal courts may exercise supplemental jurisdiction

over claims outside their original jurisdiction if those claims are part of the same Article III case

or controversy as claims over which the court has original jurisdiction.  Often, supplemental

jurisdiction is invoked to allow the consolidation of state law claims with transactionally related

federal claims in non-diversity cases.  *See United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*,

210 F.3d 1207, 1220 (10th Cir. 2000) ("Once federal question jurisdiction exists, it is within the

trial court's discretion to exercise supplemental jurisdiction over those state law claims that

derive from a common nucleus of facts.").  If all claims over which the court has original

jurisdiction are later dismissed, federal courts have discretion to decline to exercise jurisdiction

over any remaining supplemental claims, especially if those claims raise novel or complex issues

of state law.  *See* 28 U.S.C. § 1367(c)(1), (2) (2012).  In the Tenth Circuit, federal courts have

been instructed that they should usually decline to exercise supplemental jurisdiction over state

law claims when all other federal claims have been dismissed.  *See Koch v. City of Del City*, 660

F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may,

and usually should, decline to exercise jurisdiction over any remaining state claims.").

The current matter falls within the procedural arrangement discussed in the preceding paragraph. The court's original jurisdiction over this case arose out of several claims brought under 42 U.S.C. § 1983 for alleged violations of Plaintiffs' federal constitutional rights. All of Plaintiffs federal claims, however, have been dismissed. The only remaining claims before the court are based on alleged violations of the Utah Constitution. The court, following the guidance of the Tenth Circuit in *Koch*, therefore declines to exercise supplemental jurisdiction over these exclusively state law claims pursuant to 28 U.S.C. § 1367(c)(3).

The court also notes that it would be appropriate to decline to exercise supplemental jurisdiction in accordance with 28 U.S.C. § 1367(c)(1). Plaintiffs have presented several state constitutional claims which appear, on their face, to be novel and/or complex. For example, Plaintiffs' claims that they have been harmed by a violation of the Utah Constitution's prohibition against of black-listing and the exchange of black lists. *See* Amended Complaint, 17 (Dkt. No. 3.) The Utah Constitution forbids black-listing and "[t]he exchange of black lists by railroad companies, or other corporations, associations or persons . . . ." Utah Const. Art. XII, § 19, Art. XVI, § 4. However, Utah courts have given little guidance on the scope and applicability of these provisions in cases like the one currently before the court. Novel questions of state law should be decided by state courts. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.); *Roe v. Cheyenne Mt. Conf. Resort*, 124 F.3d 1221, 1237 (10th Cir. 1997) ("We are convinced that in such circumstances, an authoritative state court ruling on the [state claim] should be permitted, instead of a guess or uncertain prediction by a federal court."). The novel

issues of state law presented in this case further support this court's declination of supplemental jurisdiction.

## CONCLUSION

For the reasons stated above, this court hereby declines to exercise supplemental jurisdiction over the remaining Utah Constitutional claims and therefore DISMISSES the case for lack of subject matter jurisdiction.

DATED this 26th day of March, 2012.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge